This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                    **NO. 30,189**

**JEROME DOMINGUEZ,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

The State contends the district court improperly granted Defendant's motion to suppress based on pretext. We issued a calendar notice proposing to affirm and the State timely filed a memorandum in opposition. We remain unpersuaded and affirm.

At approximately 11:00 p.m. on October 15, 2009, Officer Wallach, a Taos police officer, pulled up behind Defendant's car while Defendant was stopped at a stop sign. [DS 2] Defendant was speaking to a man standing outside of the driver side of the car for what the officer apparently considered an "unusual" length of time. [Id.] The officer found this behavior suspicious and continued to follow Defendant for a couple of blocks. [Id.; RP 14] Defendant apparently "abruptly" moved into the right lane, passed a slower moving car in the left lane, and then re-entered the left lane. [DS 3] The officer apparently testified that Defendant "accelerated quickly," but there is no indication Defendant ever exceeded the speed limit. [Id.; RP 14, 17]

The officer stopped Defendant, issuing verbal warnings for passing on the right and exhibition of speed. [DS 3] Defendant was also apparently issued a citation for careless driving. [Id.] Defendant was subsequently arrested and found guilty in magistrate court of driving under the influence of alcohol and not guilty of careless driving. [Id.; RP 5; MIO 3, fn 1]

Defendant filed a motion to suppress on the grounds that the stop was pretextual, arguing the officer's actions were motivated by the "suspicious" behavior

he observed at the stop sign, causing the officer to begin following Defendant. [RP 13] After a hearing [RP 38A], the district court granted Defendant's motion to suppress, specifically finding the officer had observed Defendant engaging in what the officer deemed suspicious behavior and that the resulting traffic stop was a pretextual subterfuge, as outlined in *State v. Ochoa,* 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143 (filed 2008), *cert. quashed*, 2009-NMCERT-011, 147 N.M. 464, 225 P.3d 794. The district court further found that the stop of Defendant was unreasonable and violative of the New Mexico Constitution, that all evidence obtained during the stop was therefore suppressed, and that said suppression required the charges against Defendant to be dismissed for lack of evidence. [RP 39] The State appeals.

The district court's ultimate ruling on Defendant's motion to suppress involves mixed questions of fact and law. *See State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. In reviewing the district court's decision on a motion to suppress, we determine "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). We defer to the district court's findings of fact to the extent that they are supported by substantial evidence. *Id.* However, we "review the application of the law to these facts, including determinations of reasonable suspicion, under a de novo standard of

review." *State v. Patterson*, 2006-NMCA-037, ¶ 13, 139 N.M. 322, 131 P.3d 1286. In this case, the district court entered only very limited factual findings and conclusions of law. Therefore, we will employ all reasonable presumptions in support of the district court's ruling. *See Jason L.*, 2000-NMSC-018, ¶ 11. We agree with the State that we also presume the court believed all uncontradicted evidence. *Id.*

When an officer stops an automobile to investigate a possible crime, we analyze the reasonableness of the stop and ensuing investigatory detention in accordance with the two-part test in *Terry v. Ohio*, 392 U.S. 1 (1968). *See State v. Duran*, 2005-NMSC-034, ¶ 23, 138 N.M. 414, 120 P.3d 836. We ask whether the stop was justified at its inception and whether the officer's actions during the stop were reasonably related to circumstances that justified the stop. *Id.* In order for the stop to be justified at its inception, "[t]he officer, looking at the totality of the circumstances, must be able to form a reasonable suspicion that the individual in question is engaged in or is about to be engaged in criminal activity." *State v. Contreras*, 2003-NMCA-129, ¶ 5, 134 N.M. 503, 79 P.3d 1111. "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *Jason L.*, 2000-NMSC-018, ¶ 20.

4

Under the New Mexico Constitution, even if an officer has reasonable suspicion to believe that a person has committed a traffic violation, a traffic stop may nevertheless be unconstitutional if it is motivated by the officer's desire to investigate criminal activity that he does not have a reasonable suspicion or probable cause to believe has occurred. *Ochoa*, 2009-NMCA-002, ¶ 40. In analyzing a claim of improper pretext, we have stated that:

> First, the trial court must determine whether there was reasonable suspicion or probable cause for the stop. . . . If the stop can be justified objectively on its face and the defendant argues that the seizure was nevertheless unreasonable because it was pretextual under the New Mexico Constitution, then the district court must decide whether the officer's motive for the stop was unrelated to the objective existence of reasonable suspicion or probable cause. The defendant has the burden of proof to show pretext based on the totality of the circumstances. If the defendant has not placed substantial facts in dispute indicating pretext, then the seizure is not pretextual. If the defendant shows sufficient facts indicating the officer had an unrelated motive that was not supported by reasonable suspicion or probable cause, then there is a rebuttable presumption that the stop was pretextual. The burden shifts to the state to establish that, based on the totality of the circumstances, even without that unrelated motive, the officer would have stopped the defendant.

*Id.* (internal quotation marks and citations omitted).

As a general rule we will uphold the decision of a district court if it is right for any reason. *State v. Ruiz*, 2007-NMCA-014, ¶ 38, 141 N.M. 53, 150 P.3d 1003 (filed 2006). The State urges us to abandon this analysis under the current circumstances. It argues that the district court's finding on pretext implies the court first found

reasonable suspicion for the stop. [MIO 2-3] While we agree that is the analysis under *Ochoa*, a review of the record suggests that the district court in this case specifically found both a lack of reasonable suspicion and pretext. [RP 38B]

Regardless, we still apply the right-for-any reason doctrine to uphold the district court. We remain unconvinced the officer had reasonable suspicion that Defendant was engaged in or about to be engaged in criminal activity at the time of the stop for the reasons discussed below. While the pretextual analysis was therefore unnecessary, we affirm the district court's ruling on the suppression motion.

The officer made a mistake of law when he stopped Defendant. The officer's testimony indicates he believed Defendant had violated the law by passing in the right lane and engaging in an exhibition of speed. [DS 3; RP 14] As outlined in Defendant's motion to suppress, however, NMSA 1978, Section 66-7-311 (1978), specifically permits passing on the right when traveling on a four-lane highway, as Defendant was doing at the time he was stopped. [RP 17] As for exhibition of speed, that statute applies to drag racing and speed competitions. NMSA 1978, Section 66-8-115 (1978). Nothing in the record indicates it was ever even alleged Defendant was engaged in any type of competitive speed driving.

The State concedes that the officer was mistaken on the law; however, it argues Defendant's driving still objectively constituted careless driving, thus justifying the

stop. [DS 4; MIO 4] We agree that a mistake of law will not necessarily "in itself affect the validity of the stop; it is the evidence known to the officer that counts, not the officer's view of the governing law." *State v. Anaya*, 2008-NMCA-020, ¶ 13, 143 N.M. 431, 176 P.3d 1163. Despite an officer's mistake of law, an objectively reasonable basis for a traffic stop may justify the stop on grounds other than those indicated by the officer. *Id.* If the facts articulated by the officer support reasonable suspicion on another basis, the stop can be upheld. *Id.* ¶ 15.

Here, however, while we agree that the State was not required to prove careless driving beyond a reasonable doubt to justify the stop [MIO 4], we hold that the testimony offered does not support a stop for careless driving under even an objectively reasonable standard. As the State points out in its memorandum in opposition [MIO 5], careless driving is defined as operating a motor vehicle on a roadway without the driver giving his full-time and entire attention to the operation of the vehicle, and "without due regard for the width, grade, curves, corners, traffic, weather and road conditions." UJI 14-4505 NMRA; NMSA 1978, Section 66-8-114 (1978). The officer in this case apparently never testified Defendant exceeded the speed limit, appeared distracted, lost control of his vehicle, or that Defendant's actions put any other drivers at risk. Nor did he testify that Defendant's switching lanes compromised the safety of any other driver. *See* NMSA 1978, § 66-7-325(A) (1978)

7

(prohibiting a vehicle from moving right or left on the roadway until such movement may be made safely). [MIO 4]

The sum total of the officer's testimony was that Defendant accelerated into the road, legally passed another vehicle on the right hand side, and abruptly changed back into the left hand lane again in front of another vehicle. *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) (noting that a party opposing summary disposition is required to come forward and specifically point out errors in fact). [DS 3; MIO 4] The State argues that this testimony establishes "an imprudent manner without due regard for traffic," and also establishes that Defendant's behavior placed other drivers at risk. These are apparently only the arguments of counsel, not the testimony of the officer. [MIO 4] The officer himself does not appear to have offered any testimony that Defendant's driving endangered or compromised the safety of any other drivers.

Thus, even if we assume all of the facts in the docketing statement to be true and accept the uncontradicted testimony of the officer, the limited testimony does not support a finding of reasonable suspicion to stop Defendant. We therefore need not address the issue of whether the stop was pretextual.

**CONCLUSION**

We therefore affirm the district court.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**ROBERT E. ROBLES, Judge**