## PRICE and others *v.* GARLAND.

Filed April 13, 1885.

**1. CONTRACT—SUBCONTRACTOR, HOW AFFECTED BY ORIGINAL CONTRACT.**

A railroad contractor having made a general contract with another person to perform a portion of the work, undertaken according to the original contract with the railroad company, the two contracts are so connected, and the one so dependent on the other, that they form one contract; and the subcontractor is entitled to the same benefits, as well as bound by the same conditions, as affected the first contractor under the original contract.

**2. SAME—EVIDENCE—COST OF WORK—REASONABLE COST.**

In an action by a contractor against a subcontractor to recover the amount lost by the plaintiff through the defendant's failure to perform the work agreed to be performed, the plaintiff must prove, not only that the work did cost the amount claimed, but also that it was the reasonable and necessary cost.

**3. SAME—BOOKS OF ACCOUNT—WHO CAN REFRESH MEMORY.**

Books or writings in the nature of *memoranda* can be referred to in order to refresh the memory only by the person in whose handwriting they are.

**4. EVIDENCE—ADMISSIBILITY—PRELIMINARY PROOF REQUIRED.**

Ledgers and books of account are not admissible in evidence unless it is first shown that the person in whose handwriting they are cannot be produced in court.

Appeal from the Second judicial district court, Bernalillo county.

*Childers & Fergusson* and *Catron, Thorton & Clancy*, for appellees.

*Neill B. Field* and *Warren Bristol*, for appellant.

AXTELL, C. J. This was a suit for breach of contract, and is in form an action of trespass on the case. It appears from the record that on the first day of April, 1881, John R. Price, for himself and his co-plaintiffs, entered into a contract with the Atlantic & Pacific Railroad Company to perform certain work in the construction of said company's line of railroad, consisting of grubbing, clearing, grading, and masonry; also to furnish material, and to complete the roadbed and prepare the same to receive the superstructure, or ties and rails. This contract is very minute in its specifications as to the character of the work, and the mutual rights and liabilities of the parties thereto. It was provided that the work should be completed on or before November 1, 1881. On the same day that their contract was made, said Price and his associates (the plaintiffs herein) entered into a contract with the defendant, Garland, by which said defendant agreed to do 15 miles of the work which Price and his associates had undertaken to do for said railroad company. Plaintiffs' claim in this suit is based upon the allegation that the defendant wrongfully abandoned the work which he had contracted to do, and left the same uncompleted; that they were compelled to complete the same at a cost greatly exceeding the contract price for which the defendant undertook the same, whereby they were damaged, etc.

Defendant pleaded the general issue, "not guilty," and two special pleas, the first of which, in substance, set up and averred that the

said contract between Price and the railroad company became and was a part and parcel of the contract between Price & Co. and the defendant, and that he (the defendant) did not fail or refuse to perform his contract, or in any way violate any of the provisions, conditions, or specifications of the contract of Price with the railroad company under which the work in question was to be done; that neither the plaintiffs nor any one for them ever gave him any notice such as Price & Co. were entitled to under their contract; and that the plaintiffs wrongfully entered upon and completed the work which he had engaged to do, without any notice or opportunity to him to complete the same, against his protest, and in violation of his rights.

The second special plea was substantially like the first, except that it averred that by the usage and custom of contractors and subcontractors for building railroads the contract between Price and the railroad company became and was a part of the contract between Price & Co. and the defendant. The allegations as to non-failure, want of notice, etc., being practically identical with those in said first special plea, to both special pleas demurrers were interposed by the plaintiffs and sustained by the court, the defendant excepting. Thereafter the case went to trial upon the issue joined upon the plea of not guilty, and a verdict was rendered therein in favor of the plaintiffs for $15,-000. A judgment was entered thereon, the defendant moving to set aside the verdict, and for a new trial and in arrest of judgment, which motions were overruled; whereupon the defendant appealed to this court, and the case is here by virtue of that appeal.

On the trial a large number of questions were raised, objections made, and exceptions taken, and the appellant has filed here no less than 31 specifications of alleged error. Many of the rulings objected to were with reference to matters entirely discretionary in the court, many others appear to be unimportant, and we deem it unnecessary to consider more than three or four of the grounds upon which a reversal is claimed, as they appear to us to be the serious and controlling points in the case:

*First*, as to the ruling of the court in sustaining the demurrer of the plaintiffs to the defendant's first special plea. The contract between Price & Co. and the defendant was what is known as a subcontract; that is, by that contract the defendant undertook to do a portion of the work which Price had contracted to do for the railroad company. The language used is: "that the said party of the first part (Price & Co.) *sublets* to the party of the second part." The contract with the defendant refers to the contract of Price & Co. with the railroad as to the price to be paid, and the time and manner and amount of payments, and as to the total compensation the defendant was to receive, which was 85 per cent. of what the railroad company was to pay to Price. It is stipulated therein that the work was to be done under the direction of the engineer in charge, (meaning, undoubtedly, the engineer of said railroad company,) and subject to his accept-

ance, and in such manner as he might direct, and it is provided that the appellant should have the advantage of the reduced rates of transportation guarantied to Price in his contract with the railroad company.

It was contended by counsel for appellees that the contract between them and the appellant was complete in itself, and that the contract of Price with the railroad company could only be considered in those particulars in which it was specially referred to by the contract with appellant; that the parties had designated what portions and provisions of the original contract should be referred to and considered in connection with their contract; and that by so doing they had excluded all other provisions, stipulations, and conditions; and the court below seems to have adopted this view. Was the position taken by counsel for appellees in their demurrer to said first special plea, and sustained by the court below, correct? We think the statement of a single proposition will suffice to answer this query. The contract between Price and the railroad company provided for the permanent suspension of the work by the railroad company before the completion of the contract, upon notice in writing to the contractor, and stipulated that in case of such suspension the contractor should be paid for all work done under the contract at the stipulated prices, upon the estimate of the engineer, which estimate was to be final and conclusive, and Price was to have no claim for damages or anticipated profits which he might have made if allowed to complete the work.

The contract with the appellant was for 15 miles of road-bed to be graded and completed suitable for the laying down of ties, and to be completed on or before the first day of November, 1881. There is no provision in said contract for any permanent suspension of the work, and no reference appears therein to the above-cited stipulations in the original contract. If the appellant's contract is to be taken and construed as being complete in itself, and no reference to be had to the original contract in connection therewith, except in the particulars specially designated in the contract, then appellant was to do and was entitled to do the entire work which he contracted to perform, and receive pay therefor, and he might have gone on and completed the work and been entitled to the full contract price of the work undertaken, although before its completion the railroad company might have determined to permanently suspend the work to be done on its contract with Price, and notify Price accordingly, and cut him off from any claim for work done thereafter, before appellant had completed a mile of his work or even commenced it.

It will hardly be contended that defendant, under his contract, could have gone on with the work and compelled payment by appellees after a suspension by the railroad company, and notice thereof to Price. There can be no doubt that if the company had so determined, and had notified Price that the work was permanently suspended, Price would have notified appellant and claimed that he was bound by

said stipulation in the original contract; that he contracted in view of and with reference to that provision; and we would undoubtedly have so held, if the matter had been presented to us in that aspect.

Again, the original contract contained a provision to the effect that if the party of the first part, (Price,) should refuse or unreasonably neglect to remedy any imperfections which might be pointed out by the engineer, or in any manner violate the conditions of the contract, so that in the judgment of the engineer there should be just ground of apprehension that the work would not be completed in the manner and within the time specified, it should be the duty of the party of the second part (the railroad company) to serve a written notice on the party of the first part, setting forth the grounds of the engineer's apprehension, giving reasonable time in which said party might cause such grounds to be removed, and, if not removed, empowering the engineer to declare the contract forfeited.

The defendant's contract contains no similar provision, and no reference is therein made to said provision in the original contract; yet we do not believe that it will be contended that the defendant was not bound thereby, and did not contract with reference and subject to that provision. This seems to demonstrate beyond question that appellant was affected by stipulations in the original contract not referred to in his contract, and we are of the opinion that if he was subject to and affected by such provisions, he was equally entitled to the benefit of any provisions, stipulations, or conditions in the original contract which might have been to his advantage, and to the same benefits of notice and otherwise to which the original contractor was entitled from the railroad company. In short, we think the original contractors, in their contract with appellant, intended to do and did do just what they said they did; that is, they *sublet* to appellant 15 miles of the work which they had undertaken to perform. In other words, they were contractors and appellant a sub-contractor for the performance of the work.

There can be no doubt that the work which appellant undertook was to be done under and according to the original contract. His contract was not in any sense an independent one; it was based upon and made under the original contract, and depended upon it, and was made with reference and subject to all its provisions and conditions. The effect of the contract with the appellant, which *sublet* to him the work which he undertook to perform, was to assign and transfer to him so much of the contract, or work under the contract, between Price and the railroad company, as was specified therein. Appellees simply substituted the appellant for themselves as to the 15 miles of road-bed which he agreed to construct. He was to do the work for them under *their* contract, and according to *its* terms and conditions,—the appellees reserving, as a consideration for such transfer and assignment, 15 per cent. of the contract price; and appellant, by his contract, took such assignment and transfer subject to all the conditions

and provisions of the original contract. He was subject to all the terms and conditions thereof, and was equally entitled to the benefit of all the provisions and stipulations therein contained, including the right to notice of the apprehension of the company's engineer that the work would not be completed in the manner and time specified, and the grounds of such apprehension, and to reasonable time to remove the grounds of apprehension, and to notice that his contract was declared forfeited, before the appellees or the railroad company were entitled to enter upon the work or attempt to complete it. In short, we are of the opinion that the two contracts were so connected, and the one so dependent upon the other, that they formed one entire contract, and that the court below erred in sustaining the demurrer to said first special plea.

It appears by the record that the appellant proved that on his application one of the appellees consented to an extension of the time for the completion of the contract, provided the engineer of the railroad company should also consent to and approve such extension, and offered to prove that the said engineer did so consent and approve, and that the court struck out such evidence, and excluded evidence of the consent and approval of the engineer. We think this was error; that it was competent for the appellant to prove such extension, and the consent to and approval thereof by the company's engineer in charge and having direction of the work; that such evidence was material and should have been received. Evidence introduced and stricken out, together with that offered and rejected, would seem to show an enlargement of time, and a waiver of the right to insist upon performance within the specified time. It was made before any breach of the contract occurred; it was not the making of a new contract, but merely the enlargement of time for the completion of the old. It appears that the defendant may have acted upon it, and that otherwise he could and would have completed his work within the time originally specified. The railroad company did not claim performance within the time fixed by the original contract, but permitted plaintiffs to complete it after that time had expired.

A very material question presented by the record is as to the admissibility of the books of account designated as subcontractors' ledgers Nos. 1, 2, and 3, and pay-roll book. We think no sufficient foundation was laid for the introduction of these books and the entries therein as evidence. The book-keeper, in whose handwriting most of the entries in the ledgers were, was not produced, nor was the failure to produce him sufficiently accounted for. It appeared in evidence that he was living, and that the plaintiffs might easily have had him in court, and the pay-roll book was clearly not a book of original entries, but consisted of entries made in "monthly ledgers" from time-books, and copied monthly from the "monthly ledgers." Neither the time-books nor monthly ledgers were offered in evidence. It is contended for the appellees that these books were admissible to refresh

v 3 v m.—19

the memory of a witness. Any writing or *memoranda* made by the witness or by his direction at the time of the transaction, or soon afterwards, or read and examined by him, he at the time having personal knowledge of the correctness thereof, may be referred to, to refresh the memory of the witness; but such was not the fact in this case, and besides the books were not used for that purpose or in that way, but were offered and admitted as evidence of the facts and accounts therein appearing, we think improperly.

The statute of the territory providing for the admission of books of account does not apply in this case, as the books in question were clearly not shown to be within its terms; nor do we think the fact that defendant called upon the plaintiffs to produce the books for inspection made them admissible. It does not appear that they were produced pursuant to a notice; and we think if they had been so produced, and upon inspection were found to be improper and inadmissible under the general rules of evidence, that they should not have been admitted, against objection, merely because the defendant had called for their production, without stipulating that they might be introduced in evidence regardless of their character. This character of evidence should always be received with great caution, and the rules regulating its admission should not be relaxed except, perhaps, in extreme cases. It seems that at the trial below the plaintiffs were allowed to prove (by what appears to us in many respects irregular methods) the cost or amount paid by them for the completion of the work undertaken by defendant, without showing that it was the reasonable and necessary cost. We think the plaintiffs should be held to prove, not only that the work did cost the amount claimed, but also that it was the reasonable and necessary cost. Any other rule might operate to the great injury of a party; and, in this case, if the plaintiffs are entitled to recover, they might, under a ruling permitting them to recover actual outlays, charge upon the defendant outlays and expenses extravagantly and unnecessarily made, and possibly so made for the purpose of wronging him, and swelling the amount of damages attempted to be charged upon him.

We observe in the record various other minor matters in which it appears to us that error was committed. And indeed it would be most remarkable if, in a trial occupying so much time as did the trial of this case, in which so much evidence was offered and so many questions raised, errors and mistakes were not committed. We deem it unnecessary to notice any other questions in the case. Other errors, if such there be, will doubtless be avoided and corrected by the learned judge of the court below when the case again comes on for trial.

The judgment of the court below in this case should be reversed, and the cause remanded for such proceedings as shall conform to law and to this opinion, and for a new trial; and it is so ordered.

WILSON, J., concurs.