This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF FARMINGTON,**

Plaintiff-Appellee,

v.                                                                    **NO. 30,638**

**ANDREW FORDYCE,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

City of Farmington
Jennifer N. Breakell, Assistant City Attorney
Brigette Thomas, Assistant City Attorney
Farmington, NM

for Appellee

Victor A. Titus
Farmington, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant was convicted in the municipal court of driving under the influence

of intoxicating liquor or drugs ("DWI"), contrary to NMSA 1978, Section 66-8-102 (2008) (amended 2010) and driving on roadways laned for traffic ("Roadways Violation"), contrary to NMSA 1978, Section 66-7-317 (1978), and appealed to the district court. During the district court trial de novo, Defendant moved to suppress the evidence obtained from the traffic stop. Defendant argued that the City lacked reasonable suspicion for the traffic stop because the stop was erroneous based on whether Defendant violated the Roadways Violation statute. Defendant also challenged the constitutionality of the stop as pretextual and objected to the use of a horizontal gaze and nystagmus field test to determine probable cause for his arrest. The district court denied Defendant's motion to suppress and again found him guilty of DWI, but did not find him guilty on the underlying Roadways Violation offense. Defendant appeals his DWI conviction. We reverse the district court's denial of the motion to suppress the evidence obtained from the traffic stop because the officer lacked reasonable suspicion for the stop.

**BACKGROUND**

Because this is a memorandum opinion and the parties are familiar with the factual and procedural background, we do not provide a detailed summary herein. The factual information relevant to our conclusion will be discussed in connection with each issue addressed by this Court and is briefly summarized as follows. On

October 24, 2009, at approximately 1:15 a.m., the arresting officer followed Defendant's truck for approximately one-half mile. The officer did not observe any traffic violations until the officer observed Defendant's vehicle veer to the left prior to making a wide right turn. During this right turn, the officer believed Defendant's truck crossed into the other lane of traffic in violation of the Roadways Violation statute. As a result, the officer stopped Defendant's truck. After approaching the truck, the officer noticed signs that Defendant was under the influence of alcohol. Defendant was subsequently arrested and charged with a Roadways Violation and DWI.

At trial, Defendant moved to suppress all evidence supporting the charge of DWI as stemming from an illegal stop and seizure. In his motion, Defendant argued that the officer lacked reasonable suspicion to stop and detain him for a Roadways Violation because Defendant's driving did not actually violate the statute. Section 66-7-317(A) states in relevant part: "a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Defendant argued that he did not violate the statute because maintaining a single lane with such a large truck in such a tight turn is impracticable. The district court found it was reasonable for the officer to stop Defendant to investigate the possible violation and denied Defendant's

3

motion. The district court also issued findings of fact and conclusions of law and determined that "[t]he City failed to show Defendant's turn wasn't practic[able] or was unsafe," but that "[t]he Officer had reasonable suspicion to stop the Defendant's vehicle."

**DISCUSSION**

**A.     Preservation**

As a preliminary matter, the City contends that "Defendant did not raise the issue of mistake of law at the [d]istrict [c]ourt level, and cannot argue this new theory because it was not preserved as an appellate issue." We conclude that Defendant properly preserved his mistake of law argument for review. The crux of Defendant's argument below was that the officer's interpretation of the Roadways Violation statute was wrong and constituted a mistaken application of the statute.

The rules of preservation are construed to ensure that the district court had the opportunity to rule on the issue and that there is an adequate record for appeal. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked, but formal exceptions are not required[.]"); *State v. Reyes*, 2002-NMSC-024, ¶ 41, 132 N.M. 576, 52 P.3d 948 (explaining that parties must object at trial in order to alert the district court of the perceived error, to allow the court to correct any error, and to provide an adequate

4

record for appellate review). "[W]e have stated that our rule disregards form and relies upon substance, and merely requires that a question be fairly presented to the [district] court and a ruling invoked." *State v. Balderama*, 2004-NMSC-008, ¶ 19, 135 N.M. 329, 88 P.3d 845 (internal quotation marks and citation omitted). The record indicates that the district court was properly alerted to and ruled upon the legal issue that Defendant now raises on appeal.

Although Defendant never explicitly argued that the officer was mistaken as to the law, he did substantively argue that no reasonable suspicion existed because no traffic law was violated. In his motion to suppress, Defendant argued that there was no reasonable suspicion for the stop because Defendant did not violate the Roadways Violation statute. At the suppression hearing, Defendant again challenged the legality of the stop. He specifically argued that Section 66-7-317 requires a driver to merely maintain a single lane as close as practicable. He then argued that he did not violate the statute because maintaining a single lane with such a large truck in such a tight turn was impracticable. Defendant also elicited, and the district court considered, testimony regarding the officer's mistaken belief as to the law. This record was sufficient to preserve Defendant's mistake of law argument. Additionally, the district court denied Defendant's motion to suppress based on reasonable suspicion because the court believed that it was unclear whether or not Defendant violated the statute.

5

The district court ruled on the issue before us and it was adequately preserved. We now address the merits of Defendant's argument.

**B.    Standard of Review**

"A review of the suppression of evidence is a mixed question of law and fact. We consider the facts in the light most favorable to the prevailing party and defer to the district court's findings of fact if those findings are supported by substantial evidence." *State v. Anaya*, 2008-NMCA-020, ¶ 5, 143 N.M. 431, 176 P.3d 1163. The standard of review for an appeal from an order denying suppression also requires application of law to fact, which we review de novo. *State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579.

**C.    Establishing Reasonable Suspicion if a Mistake of Law has Occurred**

"Article II, Section 10, of the New Mexico Constitution and the Fourth Amendment to the United States Constitution control the validity of investigative [traffic] stops. Before a police officer makes a traffic stop, he must have a reasonable suspicion of illegal activity." *Anaya*, 2008-NMCA-020, ¶ 6. "Reasonable suspicion in New Mexico is analyzed with the use of an objective test." *Hubble*, 2009-NMSC-014, ¶ 23. "[C]onduct premised totally on a mistake of law cannot create the reasonable suspicion needed to make a traffic stop; but if the facts articulated by the officer support reasonable suspicion on another basis, the stop can be upheld." *Anaya*,

6

2008-NMCA-020, ¶ 15. However, "[i]t cannot be objectively reasonable to stop a vehicle when there are no facts to support the inference that a law has been violated." *Id.* ¶ 20. Thus, "it is not fatal in terms of reasonable suspicion if an officer makes a mistake of law when he conducts a traffic stop," but the totality of the circumstances must indicate that there were other specific and articulable facts upon which the officer could determine there was reasonable suspicion for the stop. *Hubble*, 2009-NMSC-014, ¶ 28.

The City relied on Section 66-7-317 as the basis for the traffic stop in this case. Section 66-7-317(A) only requires a person to drive "as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." The district court found that although Defendant's tires touched the lane line, no traffic violation occurred because of the limiting qualifiers of "practicable" and "can do so with safety" that are set forth in this particular statute. We must now conduct de novo review of this statutory interpretation. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). We conclude that the plain language of the statute does not make touching or crossing the center line a per se violation of the statute. *See Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 17, 143 N.M. 84, 173 P.3d 6 ("The plain language of the statute is our primary guide to legislative intent[.]"). Rather, the statute only

7

imposes liability on a driver who fails to maintain a single lane when it is practicable to maintain that lane and unsafe to move from the lane. *See Aragon v. Speelman*, 83 N.M. 285, 288, 491 P.2d 173, 176 (Ct. App. 1971) (refusing to instruct the jury on a Section 66-7-317 violation where there was no evidence that defendant driver could not safely change lanes when she did).

Having determined that Defendant did not commit a per se violation of Section 66-7-317, we now turn to the application of the law for establishing reasonable suspicion for a traffic stop. In *Anaya*, a police officer observed a driver weaving within his lane of traffic and later stopped the vehicle after he failed to use a turn signal. 2008-NMCA-020, ¶ 2. The officer erroneously believed that failure to use a turn signal was a per se violation of the traffic code, but the statute only made failure to signal an infraction if it would have affected traffic. *Id.* ¶ 3. The officer did not observe any other cars in the vicinity of the defendant's vehicle or any other violation of the traffic code. *Id.* As a result, the defendant's failure to signal could not have affected traffic. *Id.* The defendant moved to suppress the DWI evidence obtained during the stop on the basis that the stop was invalid and not supported by reasonable suspicion. *Id.* ¶ 3. The district court granted the motion to suppress. *Id.* ¶ 4. This Court affirmed recognizing that the stop was based upon the officer's erroneous mistake of law regarding the statute. *Id.* ¶ 17.

8

In *State v. Brennan*, 1998-NMCA-176, ¶¶ 9, 11-12, 126 N.M. 389, 970 P.2d 161, where there was actual evidence of driving in a careless manner, this Court affirmed the district court's denial of a defendant's motion to dismiss despite an officer's mistake of law. The defendant in *Brennan* was observed violating the careless driving statute, but he could not be charged where such driving occurred on private property. *Id.* ¶ 9. However, the officer's testimony was considered sufficient to establish that defendant was in fact driving carelessly and an investigatory stop was reasonable under those circumstances. *Id.* ¶¶ 9, 12. This Court explained, "[a] reasonable suspicion may be a mistaken one. A lawful investigatory stop may be made on reasonable suspicion of an offense even though the defendant cannot ultimately be convicted of that offense." *Id.* ¶ 12 (alteration in original) (internal quotation marks and citation omitted). "Thus, the question [was] whether there were facts available to [the] [o]fficer . . . that would warrant a person of reasonable caution to believe the stop was appropriate." *Id.* ¶ 10.

*Anaya* and *Brennan* establish that an officer's misunderstanding of the law does not create reasonable suspicion for a traffic violation unless other facts surrounding the defendant's driving would provide objective grounds to initiate an investigatory stop. *See State v. Munoz*, 1998-NMCA-140, ¶ 9, 125 N.M. 765, 965 P.2d 349 ("The subjective belief of the officer does not in itself affect the validity of the stop; it is the

evidence known to the officer that counts, not the officer's view of the governing law."). Because Defendant in this case did not violate the Roadways Violation statute, the determinative question is whether the officer's observation of Defendant's driving provided reasonable grounds to believe that Defendant should still be stopped for investigative purposes. Therefore, the officer had reasonable suspicion for the stop only if the turn was unsafe and maintaining the line was practicable, or Defendant was otherwise engaged in erratic driving that needed further investigation.

We now address the particular facts in this case to determine whether the officer had any other factual basis to initiate an investigatory stop of Defendant's vehicle. We must view the facts in the light most favorable to the prevailing party. *State v. Sanchez*, 2005-NMCA-081, ¶ 5, 137 N.M. 759, 114 P.3d 1075. Even viewing the facts in the light most favorable to the City, nothing in the record indicates that Defendant was otherwise driving erratically or the circumstances required an investigatory stop. The officer did not observe any traffic violations or erratic driving for the one-half mile that he followed Defendant. In the statement of probable cause for the arrest, the officer said that he stopped Defendant's vehicle after it "veered left crossing into the inside eastbound lane then made a wide turn." Additionally, the officer explained that his observation of the right turn was the sole reason he stopped Defendant, and he admitted that he would have been less likely to stop Defendant if

he had seen the vehicle turning at 10:30 a.m., as opposed to 1:17 a.m. While the officer did concede that the turn was "a very tight turn," he also explained that, according to his understanding of Section 66-7-317, a violation automatically occurs if a vehicle touches any part of the lane lines. As such, the officer's mistaken understanding of the statute was the sole reason for the stop and he did not attempt to ascertain whether making the turn entirely inside the lane was impracticable or whether the Defendant's wide turn was unsafe. In fact, when Defendant attempted to explain his turn, the officer responded simply that "it's not legal" to go into the inside lane to make a turn. In effect, the City presented no evidence to contradict Defendant's explanation for his wide turn. We agree with the district court's conclusion that "[t]he City failed to show Defendant's turn wasn't practic[able] or was unsafe." In the instant case, the arresting officer made a mistake of law, and no other factual basis was presented by the officer that would justify the need for an investigatory stop of Defendant's vehicle. These factors are more analogous to *Anaya* than *Brennan*. Without a further factual basis to conduct an investigatory stop of Defendant's vehicle, the stop lacked reasonable suspicion and the motion to suppress should have been granted. Because we reverse the district court's finding as to reasonable suspicion for the stop, we need not address Defendant's remaining contentions of error.

**CONCLUSION**

We hold that the officer did not have a reasonable suspicion to stop and detain Defendant or to conduct an investigatory stop of his vehicle. We reverse the district court's order denying suppression of the evidence obtained as a result of the traffic stop. We remand this case to the district court with instructions to dismiss the DWI conviction.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B.  SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**