This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO.   29,403

**AUGUST MOSIMANN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Romero Law Firm, P.A.
Román R. Romero
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his convictions in Metropolitan Court of driving while under the influence of liquor, and failure to signal. [RP 97-98] These convictions were affirmed in an on-record appeal. [RP 178-94] Defendant appealed to our Court, and we issued a notice proposing to affirm. Defendant responded with a memorandum in opposition. We have considered the arguments in the memorandum but are not persuaded by them. We affirm.

**DISCUSSION**

**A.    Ineffective assistance of counsel**

Defendant first contends that defense counsel was ineffective for failing to challenge the reasonable suspicion for the stop. [DS 7, 9] He argues that counsel should have relied on *State v. Anaya,* 2008-NMCA-020, 143 N.M. 431, 176 P.3d 1163, to support a motion to suppress because *Anaya* would have supported an argument that the officer lacked reasonable suspicion to stop him. [MIO 2-4]

We disagree. "An investigatory stop is based on reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *State v. Taylor*, 1999-NMCA-022, ¶ 7, 126 N.M. 569, 973 P.2d 246 (internal quotation marks and citation omitted). We disagree that reasonable suspicion did not exist, and *Anaya*

does not support a motion to suppress because it is distinguishable. In *Anaya,* the defendant was weaving within his lane. *Anaya,* 2008-NMCA-020, ¶ 2. The officer followed the defendant for awhile, and when the defendant made a turn without signaling, pulled him over. *Id.* That is different from this case, in which Defendant twice weaved into another lane on Interstate 25 at 7:30 at night. [RP 179] In *Anaya,* the defendant did not weave across into another lane, and the officer testified that weaving within the lane was not the reason for the stop. *Id.* ¶ 16. By contrast, here the officer testified that he stopped Defendant for twice weaving into another lane. [RP 196] Weaving into another lane provides reasonable suspicion to stop. *See State v. Ruiz,* 120 N.M. 534, 535, 540, 903 P.2d 845, 846, 851 (Ct. App. 1995) (holding that weaving into another lane provided reasonable suspicion to stop), *abrogated on other grounds by State v. Martinez,* 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894. Moreover, it appears that under *State v. Hubble,* 2009-NMSC-014, 146 N.M. 70, 206 P.3d 579, Defendant's failure to signal his movement into another lane also provided reasonable suspicion to stop Defendant. We conclude that a motion to suppress was not supported by the facts and the law, and conclude that counsel was not ineffective. *See State v. Chandler,* 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995) (stating that trial

counsel is not ineffective for failure to make a motion that is not supported by the record).

**B.    Sufficiency of evidence**

Defendant also argues that the evidence was insufficient to support his convictions. [MIO 4]  In determining whether the evidence was sufficient, we consider whether direct or circumstantial substantial evidence exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction.  "We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86.  We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

We  hold that there was sufficient evidence to support both convictions. Officer Asbury testified that he observed Defendant weave twice into the lane left at 7:30 p.m. on Interstate 25.  [DS 3; RP 179] He testified that Defendant smelled of alcohol, slurred his speech, and had glassy, bloodshot, watery eyes. [RP 179] Defendant performed poorly on field sobriety tests [RP 179], and the results of his breath-alcohol tests were .07 and .06. [DS 4] This evidence is sufficient for a

4

rational jury to conclude that Defendant's failure to signal at 7:30 p.m. on Interstate 25 may have affected other traffic, *see Hubble,* 2009-NMSC-014, ¶¶ 9-20, and that Defendant's driving was impaired by alcohol.

The fact that Defendant presented other reasons for any weaving [DS 3], or for his failure to perform well on the field sobriety tests [DS 3-4] does not require a conclusion that the evidence is insufficient. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.").

**C.    Prosecutorial misconduct**

Defendant contends that prosecutorial misconduct during rebuttal closing argument requires a new trial. [DS 11-13]  Defendant characterizes the prosecutor's comment as an inflammatory reference to the Dana Papst case. [DS 6; MIO 4-6]  Because there was no objection to the comment we review this issue for fundamental error. *See State v. Trujillo*, 2002-NMSC-005, ¶ 52, 131 N.M. 709, 42 P.3d 814.  "Prosecutorial misconduct rises to the level of fundamental error when it is 'so egregious' and 'had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial.'"  *State v. Allen*,

2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 (quoting *State v. Duffy*, 1998-NMSC-014, ¶¶ 46-47, 126 N.M. 132, 967 P.2d 807).

The full text of the comments is contained in the record. [RP 200] We do not read the comment as likening Defendant to Mr. Papst. Rather, the prosecutor was illustrating for the jury that Defendant's case was not like Mr. Papst's situation, and arguing that the State did not have to present a situation similar to the Papst tragedy for Defendant to be convicted of driving while impaired by alcohol. That is to say, a conviction for driving while impaired by alcohol does not require proof that a particular driver was drunk, drove the wrong way, and killed someone, to prove that driving while impaired by alcohol. This was a legitimate comment during rebuttal closing argument, especially since Defendant appears to have argued during closing that he was not drunk, and did not reach the limit of .08. [RP 183] *See Duffy,* 1998-NMSC-014, ¶ 56 (stating that the prosecutor is permitted wide latitude during closing argument).

To the extent Defendant argues that his failure to object constituted ineffective assistance of counsel [DS 8; MIO 6], we do not view the comment as objectionable. Consequently, we reject this argument. *See Chandler*, 119 N.M. at 735, 895 P.2d at 257 (stating that trial counsel is not ineffective for failure to make a motion that is not supported by the record).

**D.     Mistrial**

Defendant contends that the court erred when it did not grant a mistrial. Defendant argues that the officer's false statement, during testimony, required a mistrial. This issue arises out of a pretrial ruling that the result of a second test conducted in which the result was .08. could not be mentioned. [RP 186-87] Before trial the parties stipulated to the test results of .07 and .06, and the officer testified to those results. [RP 187] The prosecutor then asked him what he did next, and the officer responded that he asked Defendant whether he wanted an independent test. [RP 187] Defendant objected and requested a mistrial. [RP 187] The court denied the motion and ruled that there would be no further mention of the blood test. Defendant claims that the officer's "false" testimony requires reversal. [DS 5]

The ruling on a motion for a mistrial is addressed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752; *see also State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516.

We begin by noting that, from the context, it does not appear that the reference was deliberately elicited. *State v. Gonzales*, 2000-NMSC-028, ¶¶ 35-42, 129 N.M. 556, 11 P.3d 131 (noting that we consider whether a remark was

7

deliberately elicited, as opposed to inadvertently elicited).  More importantly, we are not persuaded that Defendant was prejudiced.  The jury heard nothing more about the test, did not know how Defendant responded to the officer's alleged offer of an additional test, and did not know the result.  Consequently, the jury heard only that Defendant was offered an additional test, and nothing beyond that. Therefore, it is speculative to conclude that the officer's isolated remark prejudiced Defendant.  *See State v. Flanagan,* 111 N.M. 93, 95-96, 801 P.2d 675, 677-78 (Ct. App. 1990) (holding that a mistrial was properly denied where the possibility of prejudice was highly speculative).

To the extent Defendant claims that the court's refusal to cure the false testimony by ordering a new trial denied him the right to present a defense, we disagree. [DS 14] Presumably, Defendant wanted to benefit from introducing additional evidence that he was the one that requested another test.  Defendant's characterization of this evidence, and premise that it would have been of significant benefit, appears to be overblown.  Assuming Defendant requested a second test, this did demonstrate nothing more than an assertion of rights.  It does not prove innocence.  We reject Defendant's argument that any failure of the court denied him the right to present a defense.

We conclude that the officer's remark, even if in violation of the court's order, did not establish prejudice requiring a mistrial.  We  find no abuse of discretion.

For all of these reasons, Defendant's convictions are affirmed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**