**CORRECTION PAGE:** On line 13, replace "**Santa Fe, NM**" with "**Kathleen T. Baldridge, Assistant Appellate Defender**." On line 14, replace **Christian Hatfield, Assistant Appellate Defender**" with "**Santa Fe, NM**." On line 15, delete "**Aztec, NM**."

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.                                                                              **NO.    32,183**

**JESSICA L. SMITH,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Jessica Smith (Defendant) appeals from her judgment and sentence entered pursuant to a conditional guilty plea, in which she reserved the right to challenge the district court's denial of her motion to suppress. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response. We are not persuaded that Defendant has demonstrated error. We affirm.

We determine in this appeal whether the district court erred by ruling that the officer had reasonable suspicion to stop Defendant for driving a vehicle in an unsafe condition, under NMSA 1978, § 66-3-801(A) (1991), based on a cracked windshield. [DS 2-3] In response to our notice, Defendant states that her appellate counsel has listened to an audio recording of the suppression hearing, and it reveals that the officer testified that he stopped Defendant for having a cracked windshield because he believed it was a per se traffic violation. [MIO 8] We agree with Defendant that this information is analogous to the officer's mistake of law in *State v. Anaya*, 2008-NMCA-020, 143 N.M. 431, 176 P.3d 1163. [MIO 10-11] Unlike the facts in *Anaya*, however, the officer in the present case articulated facts that support reasonable suspicion on another basis. *See id.*, 2008-NMCA-020, ¶ 15 (stating that "conduct premised totally on a mistake of law cannot create the reasonable suspicion needed to make a traffic stop; but if the facts articulated by the officer support reasonable

suspicion on another basis, the stop can be upheld"). In the present case, the officer testified that both the driver's and passenger's seats were reclined, making the cracks in the windshield at eye level, thus, obstructing Defendant's line of vision. [MIO 8] This testimony supports a reasonable suspicion that Defendant violated Section 66-3-801(A). *See State v. Munoz*, 1998-NMCA-140, ¶ 11, 125 N.M. 765, 965 P.2d 349 (holding that windshield cracks that obscure the driver's vision enough to constitute a safety hazard violate Section 66-3-801).

*Munoz* makes clear that whether the officer's "observation of the . . . windshield provided reasonable grounds to believe that the crack in the windshield made the vehicle unsafe to drive . . . is a question for the finder of fact, not an appellate court." 1998-NMCA-140, ¶ 14. As the appellate court, we must defer to the district court's findings of fact where they are supported by the evidence. *See id.* We infer from the district court's denial of suppression that the court in the present case found that the cracks in the windshield obstructed Defendant's view enough to constitute a safety hazard. Substantial evidence supports a finding of fact where there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). The officer's testimony is sufficient to support the finding.

Defendant complains about the manner in which the testimony was solicited. [MIO 8] That relates to the persuasiveness of the evidence, which we do not weigh on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder, in this case, the judge, to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). Defendant also points out that the photographs and video images show that Defendant's seats were in their upright positions, not over-reclined. [MIO 8] We note that this does not preclude a finding that the officer observed Defendant in an over-reclined position, such that the low cracks in the windshield obstructed her line of vision. Moreover, these are conflicts to be resolved by the district court. *See id.* The *Munoz* Court has warned specifically that photographs and officer testimony do not establish a basis for the stop as a matter of law and that we do not substitute the district court's judgment about this evidence with our own. *See id.*, 1998-NMCA-140, ¶ 14 ("The record on appeal, including the transcript of testimony and the two photographs of the windshield, cannot establish as a matter of law whether [the officer's] view of the windshield before he stopped the [defendant] provided him with reasonable grounds for the stop. . . . [W]e defer to the district court's findings of fact, if they are supported by the evidence.").

Viewing the evidence in the light most favorable to the district court's finding, and indulging in all reasonable inferences and resolving all conflicts in favor of the

finding, we hold that the evidence was sufficient to support the district court's ruling. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**