This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                              **No. 32,271**

**ASHLEIGH MARTINEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Ashleigh Martinez appeals her convictions for DWI and violating NMSA 1978, Section 66-7-325(A) (1978). We issued a notice of proposed disposition on October 18, 2012, proposing to affirm. Defendant filed a timely memorandum in opposition that we have duly considered. We remain unpersuaded, and we therefore affirm Defendant's convictions.

Defendant continues to argue that the evidence was insufficient to convict her of violating Section 66-7-325(A). [MIO 18-20] We disagree. Section 66-7-325(A) provides, in relevant part, that "[n]o person shall . . . turn any vehicle without giving an appropriate signal . . . in the event any other traffic may be affected by such movement." The two elements in the statute that must be satisfied in order for its mandate to be triggered are "(1) there must be other traffic (2) that may be affected by the motorist's turn." *State v. Hubble*, 2009-NMSC-014, ¶ 11, 146 N.M. 70, 206 P.3d 579 (internal quotation marks omitted).

The facts in the record indicate that Officer Hunt was driving on the same road behind Defendant's vehicle when he observed her getting into a left turn lane. [RP 82-83, 87] Defendant then made the left turn without using her turn signal, at which point, Officer Hunt stopped her. [RP 83] We believe that this is sufficient to establish a violation of Section 66-7-325(A). Officer Hunt was driving on the road behind Defendant and therefore constitutes "other traffic" under Section 66-7-325(A).

*See Hubble*, 2009-NMSC-014, ¶¶ 14-20 (determining that a police officer driving on a highway past the defendant's vehicle constituted "other traffic" within the meaning of Section 66-7-325(A)). Additionally, the requirement that the other traffic "may be affected" by the turn was met in this case. *See id.* ¶¶ 18, 20 (holding that Section 66-7-325(A) requires that a driver engage the turn signal when there is a "reasonable possibility" that other traffic may be affected by the turn). The facts indicate that Officer Hunt was driving on the road behind Defendant when she made a left turn without signaling. [RP 86, 98] *See id.* ¶¶ 2, 14-20 (determining that the defendant violated Section 66-7-325(A) where he failed to signal when making a turn onto a highway after a police officer drove past the intersection).

In her memorandum in opposition, Defendant argues that she turned from a proper position and in a reasonable manner and therefore could not have adversely affected other traffic by turning without signaling. [MIO 12, 19] However, Section 66-7-325(A) only requires that the other traffic may be affected, it does not require that the other traffic may be adversely affected. *See* § 66-7-325(A); *see also Hubble*, 2009-NMSC-014, ¶ 20 (stating that Section 66-7-325(A) does not require proof that the traffic could have been affected, was affected, or that the turn presented a potential hazard, rather, "the statute only requires that . . . there was a *reasonable possibility* that [traffic] may have been affected").

Defendant also argues that the mere presence of other traffic cannot be determinative and notes that the evidence does not establish how far behind her the officer was when she turned. [MIO 19] However, in this case, the evidence establishes that Officer Hunt was driving on the same road behind Defendant when she turned without signaling. [RP 83-84, 87] We believe that this is sufficient to establish that the other traffic, in this case Officer Hunt, could have been affected by her turn. *See Hubble*, 2009-NMSC-014, ¶¶ 14-20 (determining that the defendant violated Section 66-7-325(A) where he failed to signal when turning onto a highway after a police officer drove past the intersection); *cf. State v. Anaya*, 2008-NMCA-020, ¶ 19, 143 N.M. 431, 176 P.3d 1163 (affirming that the officer lacked reasonable suspicion of a turn signal violation where the officer's vehicle was not traffic that could be affected by the failure to signal and there was no other traffic in the area).

Defendant next argues that Officer Hunt lacked reasonable suspicion to stop her for a turn signal violation. [MIO 5-10] Specifically, Defendant argues that the officer's belief that she violated Section 66-7-325(A) was based on a mistake of law. [MIO 5-9] As we noted in the notice of proposed disposition, Defendant made no challenge to the constitutionality of the seizure below. Defendant responds that the error should be reviewed, despite the lack of preservation, because it implicates her fundamental right to be free from unreasonable seizure. [MIO 5-10] *See* Rule 12-

216(B)(2) NMRA (stating that the failure to preserve a question for review does not preclude the appellate court from considering questions, in its discretion, involving fundamental error or the fundamental rights of a party).

We disagree that Defendant's fundamental rights were violated. As discussed earlier, Officer Hunt's testimony that Defendant initiated a left turn without using a turn signal while he was driving on the road behind her was sufficient to establish a violation of Section 66-7-325(A). *See Hubble*, 2009-NMSC-014, ¶ 31 (stating that, because the defendant violated the turn signal statute, the arresting officer did not make a mistake of law or of fact when he made the traffic stop). We therefore reject Defendant's argument that the stop was based on a mistake of law. Additionally, we believe that this evidence is sufficient to establish reasonable suspicion that Defendant violated the turn signal statute. *See id.* ¶ 34 (determining that reasonable suspicion existed to stop the defendant for a turn signal violation where the officer testified that he observed the defendant make a turn without using a turn signal after the officer drove past him); *State v. Rivas*, 2007-NMCA-020, ¶ 7, 141 N.M. 87, 150 P.3d 1037 ("A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking[] or has broken[] the law." (internal quotation marks and citation omitted)).

Finally, Defendant argues that her counsel was ineffective for failing to make a suppression motion on the basis that police lacked reasonable suspicion to stop her. [MIO 15-18]  There is a two-fold test for proving ineffective assistance of counsel. The defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney and (2) that the defendant was prejudiced by the deficient performance. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729.  The burden of proof is on Defendant to prove both prongs. *Id.*  "Within the context of a failure to file a motion to suppress evidence, a defendant must establish that the facts support the motion and that a reasonably competent attorney could not have decided that the motion was unwarranted." *State v. Torres*, 2005-NMCA-070, ¶ 13, 137 N.M. 607, 113 P.3d 877.

As discussed earlier, the evidence in the record before us establishes that Officer Hunt had reasonable suspicion to stop Defendant for violating Section 66-7-325(A).  We therefore hold that Defendant has failed to establish that the facts warranted a suppression motion or that a reasonably competent attorney could not have decided that a suppression motion was unwarranted. *See State v. Cooper*, 1998-NMCA-180, ¶ 21, 126 N.M. 500, 972 P.2d 1 (rejecting a claim of ineffective assistance of counsel where the trial counsel's failure to file a motion to suppress was reasonable).

6

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**