This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. 33,636**

**IDA HENDERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defneder
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant appeals from the district court's order denying her motion to suppress and issuing mandate to the magistrate court either after thirty-one days or upon final disposition of an appeal to this Court. Defendant entered a conditional

guilty plea in magistrate court, reserving the right to a de novo appeal to the district court of the denial of her motion to suppress. We issued a notice of proposed summary disposition, proposing to affirm the district court's denial of Defendant's motion to dismiss. Defendant has filed a memorandum in opposition to our notice. We are not persuaded that the district court erred. We, therefore, affirm the district court.

{2}	On appeal, Defendant argues that the officer lacked reasonable suspicion to stop her for violation of NMSA 1978, § 66-7-317(A) (1978) (requiring a vehicle to be driven within a single lane and to not change lanes "until the driver has first ascertained that such movement can be made with safety"). Our notice proposed to hold that it is of no consequence that the officer may have premised the traffic stop upon a belief that Defendant violated Section 66-7-317(A), where the facts observed by the officer support a reasonable suspicion to believe that Defendant's driving violated another traffic law. *See State v. Anaya*, 2008-NMCA-020, ¶ 15, 143 N.M. 431, 176 P.3d 1163 (stating that "conduct premised totally on a mistake of law cannot create the reasonable suspicion needed to make a traffic stop; but if the facts articulated by the officer support reasonable suspicion on another basis, the stop can be upheld").

{3}	In response to our notice, Defendant ignores our proposal to examine the facts to determine whether the objective facts support a reasonable suspicion on alternative

grounds. Defendant acknowledges our proposal to affirm on alternative grounds only to the extent she argues that the officer did not testify that he suspected Defendant of DWI. [MIO 9] The record indicates, however, that the officer did testify as to his concern about Defendant's impairment. [RP 70] Regardless, as indicated in our notice, the objective evidence supports a reasonable belief that Defendant engaged in a pattern of erratic driving from possible impairment that needed further investigation. [RP 68-70] *See State v. Contreras*, 2003-NMCA-129, ¶¶ 2, 14-15, 21, 134 N.M. 503, 79 P.3d 1111 (holding that erratic driving observed and reported by a reliable concerned motorist in a 911 call provided the officer with reasonable suspicion to stop a well-identified vehicle for possible drunk driving); *cf. Cty. of Los Alamos v. Tapia*, 1990-NMSC-038, ¶ 28, 109 N.M. 736, 790 P.2d 1017 (noting that "erratic behavior," including an improper turn and touching the lane lines, gave rise to reasonable suspicion that the driver was DWI), *overruled on other grounds by City of Santa Fe v. Marquez*, 2012-NMSC-031, 285 P.3d 637. Also, as we pointed out in our notice, the State argued below that the evidence supports an alternative, reasonable suspicion of DWI, contrary to the unpublished decision upon which Defendant relies. [RP 62]

{4}    Viewing the evidence in the light most favorable to the district court's denial of suppression, we hold that the current case involves sufficient erratic driving to support a reasonable suspicion that Defendant was impaired to justify the stop; and

we emphasize that this basis was argued below. [RP 63, 70] *See State v. Gonzales*, 2011-NMSC-012, ¶ 16, 150 N.M. 74, 257 P.3d 894. For the reasons stated in our notice and in this opinion, we affirm the denial of Defendant's motion to suppress.

{5}	**IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**