This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. 33,142**

**TASHA BROWN,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}      Following entry of a conditional guilty plea of DWI, Defendant appeals the denial of her motion to suppress evidence obtained as a result of a traffic stop purportedly based on her failure to signal a lane change. For the reasons that follow, we reverse.

**BACKGROUND**

{2}      Defendant was charged with DWI (first offense), failure to produce a driver's license, and a turn signal violation pursuant to NMSA 1978, § 66-7-325 (1978). When the metropolitan court denied Defendant's motion to suppress evidence obtained during what Defendant maintained was an illegal stop, Defendant entered a conditional guilty plea to the charge of DWI and appealed to the district court. The district court affirmed the ruling of the metropolitan court, and this appeal followed. We include additional background facts in our analysis.

**DISCUSSION**

{3}      Defendant argues that Officer Justin Hunt did not have reasonable suspicion to initiate a traffic stop of Defendant's vehicle. Review of an order granting or denying a suppression motion is a mixed question of law and fact. *State v. Anaya*, 2008-NMCA-020, ¶ 5, 143 N.M. 431, 176 P.3d 1163. We view the facts "in the light most favorable to the prevailing party and defer to the [trial] court's findings of fact if those

findings are supported by substantial evidence." *Id.* We review de novo the application of the law to the facts. *Id.*

**{4}** In order to initiate a traffic stop, a police officer must have reasonable suspicion of illegal activity. *Id.* ¶ 6. "Reasonable suspicion must be based on specific articulable facts and the rational inferences that may be drawn from those facts." *Id.* (internal quotation marks and citation omitted).

**{5}** At the suppression hearing, Officer Hunt testified that on August 22, 2009, at about 2:34 a.m., he was traveling westbound in the center lane on Montgomery just east of Carlisle in Albuquerque. Defendant's vehicle was ahead of him by three to four car lengths, also in the center lane. Officer Hunt saw Defendant's vehicle abruptly move from the center lane to the left lane, but he saw nothing in the roadway that would have caused the movement. Because Defendant never made a turn signal, Officer Hunt initiated a traffic stop and cited Defendant for an unsafe lane change. At the time of the lane change, there were no cars directly in front of or behind Defendant's vehicle.

**{6}** The applicable statute provides:

> A. No person shall . . . move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided *in the event any other traffic may be affected by such movement*.

3

Section 66-7-325(A) (emphasis added). Our Supreme Court interpreted the same statute and explained that it has two elements "that must be satisfied in order for its mandate to be triggered: (1) there must be other 'traffic' (2) that 'may be affected' by the motorist's turn." *State v. Hubble*, 2009-NMSC-014, ¶ 11, 146 N.M. 70, 206 P.3d 579.

{7}     Defendant argues that the State did not meet its burden to establish that Officer Hunt had available to him specific, articulable facts warranting a reasonable person to believe that Defendant was breaking or had broken the law codified in Section 66-7-325. She maintains that Officer Hunt never testified that there was traffic on the roadway at the relevant time that may have been affected by her failure to signal the lane change and, consequently, Officer Hunt did not articulate a basis for reasonable suspicion.

{8}     In light of our case law interpreting the applicable statute, we agree with Defendant. This Court first addressed the lane change statute in *Anaya*, where the officer conceded that he understood Section 66-7-325(A) to require the use of a turn signal under all circumstances stated in the statute. *Anaya*, 2008-NMCA-020, ¶ 3. After citing the defendant for failing to signal a right turn at a green light, the officer "learned that the failure to signal is not a per se infraction and is not a violation, unless that failure could have affected traffic." *Id.* Significantly, "[t]he officer did not testify

that he, in his patrol car, was affected by the right turn." *Id.* Because the officer believed that failure to signal was a per se violation, he initiated the traffic stop on the basis of a mistake of law. *Id.* ¶ 17. If he had articulated facts supporting reasonable suspicion on another basis, the stop could have been upheld. *Id.* ¶ 15. But because the officer testified that there were no other vehicles in the area at the time of the stop and because he failed to testify that he had been affected by the defendant's failure to signal, there were no facts supporting violation of the applicable statute. *Id.* ¶ 19.

{9}     The present case is similar to *Anaya*. Officer Hunt testified that there were no vehicles directly in front of or behind Defendant's vehicle, and he did not testify that there was traffic that may have been affected by Defendant's failure to signal. Therefore, under *Anaya*, Officer Hunt did not articulate facts supporting reasonable suspicion to stop Defendant's car.

{10}     The State argues that our Supreme Court's decision in *Hubble* supports the view that the stop was supported by reasonable suspicion. In *Hubble*, the Court affirmed the denial of the defendant's motion to suppress, which was based on a traffic stop prompted by the alleged violation of the same statute at issue in the present case. 2009-NMSC-014, ¶¶ 1-2. However, unlike the circumstances in *Anaya* and in the present case, the officer in *Hubble* apparently testified that "he, while driving his vehicle on the highway, was 'traffic,' and that he 'may [have been] affected' by [the

5

d]efendant's turn." *Id.* ¶ 32. "[I]t is the evidence known to the officer that counts" in determining whether reasonable suspicion exists. *Id.* ¶ 8 (internal quotation marks and citation omitted). The absence of testimony regarding traffic that may have been affected by Defendant's failure to signal eliminates the basis for the traffic stop in this case.

{11} The State argues that we must defer to the metropolitan court's finding that Officer Hunt was "other traffic" that may have been affected, but we are not persuaded. The metropolitan court never made such a finding and, indeed, the court stated that "the higher courts of this state held that a turn signal violation can be upheld even if nobody else was affected by the signal." The court therefore misapprehended the applicable law. Furthermore, even if the metropolitan court's oral comments at the suppression hearing could somehow be construed as a finding that Officer Hunt was traffic that may have been affected, there was no evidence in the record to this effect.

{12} The State maintains that the metropolitan court could infer that Officer Hunt was other traffic that may have been affected. While reasonable inferences can provide support for a traffic stop, *see State v. Flores*, 1996-NMCA-059, ¶ 7, 122 N.M. 84, 920 P.2d 1038 (explaining that "[r]easonable suspicion must be based on specific articulable facts and the rational inferences that may be drawn from those facts"),

those inferences must be based on facts available to the officer. *See Hubble*, 2009-NMSC-014, ¶ 8 (stating that courts "objectively examine whether the facts available to the officer warrant the officer, as a person of reasonable caution, to believe the action taken was appropriate"). If the officer does not testify to the existence of facts supporting the foundational elements of a lane change violation under Section 66-7-325(A)—i.e., the existence of traffic that may be affected by the lack of a turn signal—then there are no facts from which reasonable inferences may be drawn. Here, Officer Hunt testified that there were no other vehicles besides his patrol car in the area near Defendant's car and that his car was three to four car lengths behind Defendant's. And he never testified that Defendant's failure to signal may have affected him. As a result, there was no basis on which to conclude that Defendant was breaking or had broken the law.

**CONCLUSION**

{13}    For the foregoing reasons, we reverse the denial of Defendant's motion to suppress and remand to the metropolitan court for proceedings consistent with this Opinion.

{14}    **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

7

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**