This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. 34,113**

**LESTER MIKE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}  Defendant, Lester Mike, appeals his conviction for driving while under the influence of an intoxicating liquor. We issued a notice of proposed summary disposition proposing to affirm on November 19, 2014. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}  In his memorandum in opposition, Defendant continues to argue that the State failed to show that reasonable suspicion existed to stop him for a turn signal violation. [MIO 6-8] NMSA 1978, Section 66-7-325(A) (1978) provides, in relevant part, that "[n]o person shall . . . turn any vehicle without giving an appropriate signal . . . in the event any other traffic may be affected by such movement." The two elements in the statute that must be satisfied in order for its mandate to be triggered are "(1) there must be other traffic (2) that may be affected by the motorist's turn." *State v. Hubble*, 2009-NMSC-014, ¶ 11, 146 N.M. 70, 206 P.3d 579  (internal quotation marks and citation omitted). Defendant argues that there was no reasonable suspicion to stop him for a turn signal violation because the State failed to present any evidence that the officer's car might have been affected by his failure to use a turn signal. [MIO 6-7]

{3} The district court entered a memorandum opinion in Defendant's on-record appeal addressing this same issue. In our notice of proposed summary disposition, we proposed to agree with the district court's analysis and its determination that reasonable suspicion to stop based on a turn signal violation was established by the officer's testimony that he was following Defendant in his vehicle when he observed Defendant turn without using a turn signal. [RP 87-90] In his memorandum in opposition, Defendant again asserts that this evidence was not sufficient to show that the officer's car may have been affected by his failure to use a turn signal. [MIO 6-7] However, we continue to agree with the district court that the officer's testimony that he was following directly behind Defendant when he turned without signaling is sufficient to establish reasonable suspicion of a turn signal violation. *See Hubble*, 2009-NMSC-014, ¶¶ 14-20 (determining that the defendant violated Section 66-7-325(A) where he failed to signal when turning onto a highway after a police officer drove past the intersection); *cf. State v. Anaya*, 2008-NMCA-020, ¶ 19, 143 N.M. 431, 176 P.3d 1163 (affirming that the officer lacked reasonable suspicion of a turn signal violation where the officer's vehicle was not traffic that could be affected by the failure to signal and there was no other traffic in the area).

{4} Defendant also continues to argue that the district court abused its discretion in admitting the results of the BAC test because the State failed to show compliance with

3

the applicable SLD regulations. [MIO 8-9] Defendant argues that the portable breath test mouthpiece that was introduced into his mouth during the deprivation period could have caused the results of the test to be inaccurate. [MIO 9] Again, the district court entered a memorandum opinion addressing this same issue. In our notice of proposed summary disposition we proposed to agree with its analysis and its determination that the applicable SLD regulation does not require the State to show that no foreign substances were introduced into a subject's mouth prior to testing. [RP 93-94] *See* 7.33.2.15(B)(2) NMAC ("Breath shall be collected only after the certified operator or certified key operator has ascertained that the subject has not had anything to eat, drink or smoke for at least 20 minutes prior to collection of the first breath sample."). We also proposed to agree with its determination that Officer Brown's testimony that he checked Defendant's mouth at the beginning of the deprivation period, and his observation that Defendant did not eat, drink, or smoke during the deprivation period, was sufficient to show compliance with the regulation. [RP 94] Nothing in Defendant's memorandum in opposition persuades us that the district court's analysis was incorrect. We therefore adopt that portion of its opinion addressing this issue.

{5}     For these reasons, we affirm the metropolitan court's sentencing order.

{6}     **IT IS SO ORDERED.**

                       _____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**