This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38002

**CITY OF RIO RANCHO,**

      Plaintiff-Appellant,

v.

**GLENDA ROUGEMONT,**

      Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

City of Rio Rancho
Greg Lauer, City Attorney
Gina R. Manfredi, Assistant City Attorney
Rio Rancho, NM

for Appellant

TMP Legal, LLC
Timothy M. Padilla
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** The City of Rio Rancho (the City) appeals from the district court's order suppressing evidence on the basis that the traffic stop of Defendant was not supported by reasonable suspicion. In this Court's notice of proposed disposition, we proposed to summarily reverse. Defendant filed a memorandum in opposition and the City filed a memorandum in support, both of which we have duly considered. Unpersuaded by Defendant's arguments, we reverse.

**{2}** The only issue before this Court is whether Officer Pope had reasonable suspicion to stop Defendant's vehicle. "While we generally defer to the district court's findings of fact if the findings are supported by substantial evidence, as a mixed question of law and fact, we determine constitutional reasonableness de novo." *State v. Dopslaf*, 2015-NMCA-098, ¶ 7, 356 P.3d 559 (citation omitted); *see State v. Hicks*, 2013-NMCA-056, ¶ 5, 300 P.3d 1183 (stating that the question of reasonable suspicion to stop a vehicle is a legal question we review de novo). "Our obligation as a reviewing court is to objectively judge the circumstances known to the officer to determine whether from the circumstances a reasonable person would believe that criminal activity occurred or was occurring." *State v. Goodman*, 2017-NMCA-010, ¶ 14, 389 P.3d 311.

**{3}** In our calendar notice, we proposed to conclude that based on the uncontested facts that Defendant hit a dog and thereafter slowed down but did not stop and left the scene [DS 3; RP 129], Officer Pope had reason to believe Defendant violated City of Rio Rancho, N.M., Municipal Code, ch. 90, § 90.25(A) (2011, amended 2019) (the Ordinance), which requires every operator of a motor vehicle, upon hitting an animal with their vehicle, to give aid as necessary *and* to remain at the scene for a reasonable length of time. [CN 3] Defendant was charged with violating the Ordinance, among other laws. [DS 1-2; RP 32, 127]

**{4}** In her memorandum in opposition, Defendant claims the City lacked reasonable suspicion to stop her for violation of the Ordinance, because the dog ran away and thus she could not give aid. [MIO 10-11] Defendant focuses only on the portion of the Ordinance that requires rendering aid, and ignores the additional requirement in the Ordinance that an individual who strikes an animal remain at the scene. [MIO 10-11] It is uncontested that Defendant did not remain at the scene. Defendant also contends because it is possible she did not hear anyone telling her to stop and because the dog ran away, it is not reasonable to conclude she violated the Ordinance. [MIO 7, 10-11] However, the Ordinance places a duty on a driver who has struck an animal in the road to remain at the scene, aside from whether the driver is told to stop and regardless of whether the animal leaves.

**{5}** Because the Ordinance places a duty on the operator of the vehicle "to remain at or near the scene for a reasonable length of time, or until the time as the appropriate authorities arrive[,]" Rio Rancho, N.M., Municipal Code, ch. 90, § 90.25(A), we conclude Defendant's act of fleeing the scene after striking the dog was sufficient for Officer Pope to reasonably believe Defendant had violated the law. *See Dopslaf*, 2015-NMCA-098, ¶ 8 ("The appellate courts will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." (internal quotation marks and citation omitted)).

**{6}** Defendant additionally takes issue with the fact that the City did not mention or argue the Ordinance during the suppression hearing. [MIO 5] However, Officer Pope testified he stopped Defendant because she left the scene of a crash. [MIO 5, 13] Any inaccurate characterization of the law at issue is not relevant. *Cf. State v. Moseley*,

2014-NMCA-033, ¶ 15, 320 P.3d 517 ("[I]f an officer mistakenly believes that certain conduct violates one statute, but that conduct in fact violates a different statute, reasonable suspicion exists to stop the suspect despite the officer's mistake of law."). In the absence of a discussion of the Ordinance in court, Officer Pope's observations that Defendant hit a dog and left the scene support reasonable suspicion for the stop on the basis that Defendant broke the law.

{7}     We also suggested in our calendar notice that the manner in which Officer Pope observed Defendant driving could additionally support a reasonable suspicion that Defendant was operating her vehicle carelessly, in violation of NMSA 1978, Section 66-8-114 (1978) (prohibiting careless driving). [CN 3-4] Although we understand Defendant to claim Officer Pope did not testify as to any other reason, aside from Defendant hitting the dog and fleeing the scene, for stopping Defendant [MIO 7, 13], "if the facts articulated by the officer support reasonable suspicion on another basis, the stop can be upheld." *State v. Anaya*, 2008-NMCA-020, ¶ 15, 143 N.M. 431, 176 P.3d 1163, *abrogated on other grounds as recognized by Dopslaf*, 2015-NMCA-098, ¶ 11. Defendant has not made any claim that our understanding of the facts regarding the manner in which she was driving, as described in our calendar notice [CN 3], was in error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{8}     Based on the totality of the circumstances, we conclude Officer Pope identified specific, articulable reasons supporting the existence of reasonable suspicion to stop Defendant, and the district court erred in granting Defendant's motion on the basis that there was no reasonable suspicion for the stop. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order and remand for further proceedings, including consideration of the other issues raised in Defendant's motion to suppress.

{9}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**BRIANA H. ZAMORA, Judge**