This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.               **NO. 32,761**

**RICHARD PHILLIPS,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ted Baca, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals from the district court's order affirming his conviction for DWI, impaired to the slightest degree, in an on-record appeal from metropolitan court. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a response, opposing our notice and requesting that we accept the response as timely filed. We accept the response as timely, but remain unpersuaded. We affirm.

{2}     On appeal, Defendant argues that the officer made a mistake of law in charging Defendant with a violation of Albuquerque City Code Section 8-2-1-42 based on his observation that Defendant's vehicle moved out of its lane one time, when there were no lane markings on the roadway. [DS 9] Defendant also argues that the trial court erred by ruling that Defendant violated NMSA 1978, Section 66-7-308 (1978). [Id.] In his second issue, Defendant challenges the sufficiency of the evidence to support his conviction for DWI. [DS 10]

{3}     Defendant's memorandum in opposition to our proposed summary affirmance does not list the issues he seeks to pursue, but we understand it to raise the same challenges. As we stated in our notice, it is of no consequence that the officer premised the traffic stop upon a belief that Defendant violated the city ordinance, because the officer had reasonable suspicion to believe that Defendant's driving

violated another law, Section 66-7-308(A). *See State v. Anaya*, 2008-NMCA-020, ¶ 15, 143 N.M. 431, 176 P.3d 1163 (stating that "conduct premised totally on a mistake of law cannot create the reasonable suspicion needed to make a traffic stop; but if the facts articulated by the officer support reasonable suspicion on another basis, the stop can be upheld"); *State v. Collins*, 2005-NMCA-044, ¶ 35, 137 N.M. 353, 110 P.3d 1090 (holding that it was immaterial that the defendant was not charged with violating Section 66-7-308(A) "because our analysis only focuses on whether the officer articulated a reasonable suspicion that Defendant violated the statute[].").

{4}     Section 66-7-308(A) states that, except under certain conditions not relevant to this case, "a vehicle shall be driven upon the right half of the roadway, and where practicable, entirely to the right of the center thereof . . . ." In the present case, it appears that the officer observed Defendant "suddenly swerve sharply to the left and travel northbound in the southbound lane," and then swerve back into the northbound lane. [RP 80] Defendant continues to argue that "swerving one time is neutral conduct that does not justify a stop, especially on a congested street where the driver could have swerved to avoid an obstacle." [DS 9-10; MIO 13] In response to our notice, Defendant contends that Section 66-7-308 does not prohibit drivers from swerving left of center in an emergency. [MIO 13] As we observed in our notice, there was no emergency presented on the roadway and no obstacle Defendant needed to avoid that

3

would justify his swerving. [CN 3; RP 79]  In fact, Defendant admitted to the officer that he swerved because he was distracted by flirting with his passenger.  [RP 80; MIO 11]  Defendant also suggests that swerving one time and otherwise driving normally cannot provide reasonable suspicion. [MIO 14]  As our case law has held, where there is no line marking the center of the roadway, "[c]rossing left of the center of a roadway is a traffic violation under either NMSA 1978, § 66-7-308 (1978), or NMSA 1978, § 66-7-313 (1978)." *Collins*, 2005-NMCA-044, ¶ 35.  We hold that, viewing the facts in the light most favorable to the trial court's ruling, the officer's observation was sufficient to support a reasonable suspicion that Defendant violated Section 66-7-308(A).  *See id.* ¶ 35 (holding that the officer's testimony that he believed the defendant crossed left of the center of the roadway was sufficient to support a reasonable suspicion that the defendant violated Section 66-7-308, even where the defendant was not charged with violating that statute and even where the defendant contended that the officer's view of the defendant's vehicle was obstructed).  For these reasons, we affirm the trial court's conclusion that the officer had reasonable suspicion to justify the stop and the denial of Defendant's motion to suppress.

{5}     We also hold that sufficient evidence supports Defendant's conviction for DWI. The State presented evidence that the officer observed Defendant driving poorly, in

4

that he swerved suddenly onto the left side of the road intended for oncoming traffic; the metropolitan court found that Defendant swerving as a result of flirting with his passenger showed poor judgment attributable to the consumption of alcohol; Defendant admitted to drinking two or three beers; Defendant had bloodshot, watery eyes and slurred speech; Defendant had a little difficulty exiting the vehicle; Defendant performed poorly on two field sobriety tests (FSTs), showing signs that he had trouble with balance; and Defendant swayed about an inch from side to side during two of the FSTs. [RP 88; MIO 11]

{6} Our notice proposed to agree with the district court's memorandum opinion that this case is similar to *State v. Neal*, 2008-NMCA-008, ¶¶ 4, 29, 143 N.M. 341, 176 P.3d 330, wherein this Court held that the evidence was sufficient to support the simple DWI conviction where the officer observed defendant veer over the shoulder line three times; the defendant smelled of alcohol and had bloodshot and watery eyes; the defendant admitted drinking; and the defendant showed signs of intoxication during the FSTs, including swaying, lifting his arms for balance, and not following instructions.

{7} In response, Defendant argues that notwithstanding *Neal*, the evidence presented in his case does not support his conviction beyond a reasonable doubt. [MIO 15] Defendant parses the evidence and challenges how the evidence was viewed and

5

weighed by the trial court. [MIO 15-18] As we indicated in our notice, we view the evidence in the light most favorable to the verdict, indulge all reasonable inferences and resolve all conflicts in the evidence in favor of that verdict, and do not reweigh the evidence. *See Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. "The question before us as a reviewing [c]ourt is not whether we would have had a reasonable doubt [about guilt] but whether it would have been impermissibly unreasonable for a jury to have concluded otherwise." *See State v. Rudolfo*, 2008-NMSC-036, ¶ 29, 144 N.M. 305, 187 P.3d 170. Conversely stated, we ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cunningham*, 2000-NMSC-009, ¶ 26. Under these standards, sufficient evidence was presented to support Defendant's conviction. *See Neal*, 2008-NMCA-008, ¶¶ 4, 29.

{8}    Lastly, we note that, for the first time on appeal, Defendant's memorandum in opposition attacks the efficacy of FSTs in general to show that a driver may be too impaired to drive. [MIO 16-18] Neither Defendant's memorandum in opposition nor the record proper indicates he raised this challenge in the trial court. We will not address the merits of this issue at this juncture for the first time on appeal. *See State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 668 P.2d 309, 313 (indicating that we will not address an issue not raised first in the docketing statement where the appellant has not

6

explained how the issue was properly preserved or why the issue may be raised for the first time on appeal). We also note that New Mexico case law routinely considers a driver's performance on FSTs as evidence that is relevant to a driver's impairment, even if it is not the definitive measure. *See, e.g.*, *State v. Marquez*, 2009-NMSC-055, ¶¶ 16, 25, 147 N.M. 386, 223 P.3d 931; *Neal*, 2008-NMCA-008, ¶ 29; *State v. Lasworth*, 2002-NMCA-029, ¶ 14, 131 N.M. 739, 42 P.3d 844.

{9}     For the reasons stated in this opinion and in our notice, we affirm Defendant's convictions.

{10}    **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Chief Judge**


_____

**MICHAEL E. VIGIL, Judge**