This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,018**

**ALPHONSE GALLION,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1} Defendant appeals his convictions for aggravated DWI (refusal), possession of marijuana, tampering with evidence, and failing to use required turn signal entered by the metropolitan court and subsequently affirmed by the district court following an on-record review. [RP 198, 210] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2} In issue (A), Defendant continues to argue that Deputy Rael made a mistake of law regarding the requirement that Defendant use a turn signal and thus lacked reasonable suspicion for the stop. [DS 13; MIO 12] *See generally State v. Anaya*, 2008-NMCA-020, ¶ 15, 143 N.M. 431, 176 P.3d 1163 (recognizing that "conduct premised totally on a mistake of law cannot create the reasonable suspicion needed to make a traffic stop"). This argument was not preserved below [RP 201] and, for reasons discussed below, we remain unpersuaded that Defendant is entitled to any relief under a fundamental error review. [MIO 13]

{3} As we set forth in our notice, Deputy Rael stopped Defendant based on his belief that Defendant violated NMSA 1978, Section 66-7-325(A) (1978). In pertinent part, this statute provides, "No person shall . . . move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement." *Id.*

Defendant maintains that a signal was not required under Section 66-7-325(A) because he "merged" onto Goff at the intersection, rather than turned. [RP 181, 205; MIO 13] Case law, however, provides that a traffic signal is required by the statute, whether for merging in conjunction with a change of direction or for a turn. *See State v. Hubble*, 2009-NMSC-014, ¶ 14, 146 N.M. 70, 206 P.3d 579 (stating that the interpretation of Section 66-7-325 "aligns with the policy and concerns that the New Mexico Motor Vehicle Division expressed in the New Mexico Driver Manual . . . [which] instructs drivers to signal when they change direction, turn right or left, merge into traffic, or park so that other drivers will have time to react to such movements"). While out-of-state case law may provide that drivers are not required to signal under analogous circumstances [MIO 13-14], the relevant consideration is that New Mexico statutory authority and case law does require a signal.

{4}     Moreover, as we pointed out in our notice, while Defendant characterizes his driving, such that he continued in his lane of travel via a "merge" lane and did not make a turn at the intersection [RP 205], Deputy Rael conversely testified that Defendant made a sudden turn onto Goff.  [DS 2; RP 205] So, even if we agreed that the act of merging under the circumstances of this case does not require signaling [MIO 13], which we do not, the metropolitan court as fact finder was nonetheless free to reject Defendant's version and rely instead on the conflicting evidence that Defendant made a sudden turn at the intersection, thereby requiring the use of a signal.

*See State v. Roybal*, 1992-NMCA-114, ¶ 5, 115 N.M. 27, 846 P.2d 333 (reiterating that appellate courts do not invade the province of the fact finder by second guessing its decisions concerning witness credibility or the weight of the evidence).

{5} Furthermore, we disagree with Defendant's argument that "other traffic was not affected" [MIO 14] as required by Section 66-7-325(A). Because Deputy Rael waited for Defendant to pass when Defendant instead turned, the Deputy constituted "other traffic" affected by the lack of the turn signal. *See, e.g.*, *Hubble*, 2009-NMSC-014, ¶ 20 (noting that Section 66-7-325 was intended to have a broad reach such that the purpose of the statute was not only to avoid potential hazards but to alert other traffic to one's intentions before acting, thereby providing other drivers with "ample decision-making time in their interactions with drivers who intend to change directions").

{6} In sum, because a signal was required by law and because the fact finder could rely on Deputy Rael's view of the evidence, we conclude that reasonable suspicion existed to stop Defendant for a turn signal violation. *See id.* ¶ 31 (stating that, because the defendant violated the turn signal statue, the arresting officer did not make a mistake of law or of fact when he made the traffic stop). Because Defendant has failed to show error, any review for fundamental error offers him no relief. *See, e.g.*, *State v. Cabezuela*, 2011-NMSC-041, ¶ 49, 150 N.M. 654, 265 P.3d 705 (noting that "[t]he first step in reviewing for fundamental error is to determine whether an error occurred

4

[and, if so,] we then consider whether the error was fundamental" (internal quotation marks and citation omitted)). We lastly acknowledge Defendant's argument, as an alternative to his assertion of fundamental error, that counsel was ineffective for not arguing that Deputy Rael made a mistake of law in stopping him. [MIO 13] As provided in our notice and above, however, Defendant's mistake of law argument lacks merit. For this reason, an ineffective assistance claim premised on the failure to make a mistake of law argument also lacks merits. *See, e.g.*, *State v. Sanchez*, 1982-NMCA-155, ¶ 10, 98 N.M. 781, 652 P.2d 1232 ("Failure to file a non-meritorious motion cannot be declared ineffective assistance.").

{7}     In issue (B), Defendant continues to argue that Deputy Rael lacked probable cause to arrest him for DWI. [DS 13; MIO 16] Because this argument was not raised in metropolitan court [RP 201], we affirm for lack of preservation. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, the appellant must specifically state the grounds for his objection below so as to alert the trial court as to the claimed error in order to invoke a ruling thereon). We note further that, even if this issue had been preserved, affirmance would be merited. In addition to the traffic signal violation, Defendant had slurred speech, bloodshot and watery eyes, and smelled slightly of alcohol. [RP 199; DS 3] Defendant also performed poorly on field sobriety tests (FSTs). [RP 199-200] This evidence provided probable cause for Defendant's arrest for DWI. *See generally State v.*

5

*Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform FSTs supported an objectively reasonable belief that the defendant had been driving while intoxicated and thus constituted probable cause to arrest).

{8} In issue (C), Defendant continues to challenge the sufficiency of the evidence for his aggravated DWI (refusal) conviction. [DS 13; MIO 17] *See* NMSA 1978, § 66-8-102(A), (D)(3) (2010); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (providing that in a sufficiency challenge, we view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict).

{9} As detailed in our notice, evidence was introduced that Defendant drove, smelled of alcohol, had bloodshot and watery eyes, and slurred speech. [RP 207] In addition, Defendant performed poorly on FSTs [RP 207] as well as on an alternate test [DS 5, 6], and he refused to take the chemical test even though he was informed of the consequences of such refusal. [RP 200, 207; DS 7] We conclude that this evidence supports findings that Defendant was under the influence of drugs to such a degree that he was incapable of safely driving a vehicle and that Defendant refused chemical testing. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a conclusion).

{10}   To conclude, for the reasons set forth in our notice and discussed above, we affirm.

{11}   **IT IS SO ORDERED.**


_____
                         **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CYNTHIA A. FRY, Judge**