This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,291**

**DOMINIC MAEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Dominic Maez appeals his convictions for possession of a narcotic drug and possession of marijuana or synthetic cannabinoids. We issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     In his docketing statement, Defendant argued that briefly crossing the center line is not a violation of NMSA 1978, Section 66-7-317(A) (1978) (requiring a vehicle to be driven within a single lane and to not change lanes "until the driver has first ascertained that such movement can be made with safety"); and thus, the officer lacked reasonable suspicion to stop him. [DS 3-5; RP 57-62] Our notice proposed to hold that it is of no consequence that the officer may have premised the traffic stop upon a belief that Defendant violated Section 66-7-317(A), where the facts observed by the officer supported a reasonable suspicion that Defendant was driving while impaired. [CN 3-4] *See State v. Anaya*, 2008-NMCA-020, ¶ 15, 143 N.M. 431, 176 P.3d 1163 (stating that "conduct premised totally on a mistake of law cannot create the reasonable suspicion needed to make a traffic stop; but if the facts articulated by the officer support reasonable suspicion on another basis, the stop can be upheld"). Accordingly, we proposed to affirm. [CN 5]

**{3}** In response to our calendar notice, Defendant acknowledges that the district court considered the officer's testimony and the video evidence and found that the officer had reasonable suspicion that Defendant was driving while impaired. [MIO 3; DS 3; RP 139] Nevertheless, Defendant maintains that the officer lacked reasonable suspicion that Defendant violated Section 66-7-317(A) and the officer lacked reasonable suspicion that Defendant was driving while impaired. [MIO 4-5] Therefore, he asks this Court to summarily reverse his convictions or to assign this case to the general calendar. [MIO 5]

**{4}** As discussed in our calendar notice, it is of no consequence that the officer may have premised the traffic stop upon a belief that Defendant violated Section 66-7-317(A), where the facts observed by the officer supported a reasonable suspicion that Defendant was driving while impaired. [CN 3-4] Therefore, Defendant's arguments pertaining to Section 66-7-317(A) do not persuade us that summary reversal or assignment to the general calendar is warranted in this case.

**{5}** With respect to our proposal to conclude that the officer had reasonable suspicion to stop Defendant to investigate whether he was driving while impaired [CN 4], Defendant appears to be arguing that the officer did not set forth "particularized and articulable facts" to support his suspicion that Defendant was impaired. [MIO 15; *see generally* MIO 10-16] Defendant asserts that, even though there was evidence that

3

his vehicle was "all over the road[,]" the officer "observed no indicia of intoxication upon which he could formulate a reasonable suspicion that [Defendant] was driving while impaired." [MIO 15-16] According to Defendant, "[w]ithout observations as to [Defendant's] person, such as blood-shot, watery eyes or an odor of alcoholic beverages, [the officer] did not have reasonable suspicion that [Defendant] was impaired." [MIO 16] We are not persuaded by Defendant's arguments. *See State v. Salas*, 2014-NMCA-043, ¶ 15, 321 P.3d 965 (holding that "under the totality of circumstances, after observing his erratic driving, the officers lawfully stopped [the d]efendant based on the traffic offenses they observed and to investigate whether he was impaired and a danger on the road"); *see also State v. Contreras*, 2003-NMCA-129, ¶¶ 2, 14-15, 21, 134 N.M. 503, 79 P.3d 1111 (holding that erratic driving observed and reported by a reliable concerned motorist in a 911 call provided the officer with reasonable suspicion to stop a well-identified vehicle for possible drunk driving); *cf. Cnty. of Los Alamos v. Tapia*, 1990-NMSC-038, ¶ 28, 109 N.M. 736, 790 P.2d 1017 (noting that "erratic behavior," including an improper turn and touching the lane lines, gave rise to reasonable suspicion that the driver was DWI), *overruled on other grounds by City of Santa Fe v. Marquez*, 2012-NMSC-031, ¶ 25, 285 P.3d 637.

{6}    Viewing the evidence in the light most favorable to the district court's denial of suppression, we conclude that the officer had reasonable suspicion to stop Defendant to investigate whether he was impaired. *State v. Gonzales*, 2011-NMSC-012, ¶ 16, 150 N.M. 74, 257 P.3d 894. For the reasons stated in our notice and in this opinion, we affirm the denial of Defendant's motion to suppress.

{7}    **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**RODERICK T. KENNEDY, Judge**