This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. 33,373**

**ROBERT BOYNTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven H. Johnston, Assistant Attorney General
Albuquerque, NM

for Appellee

The Sawyers Law Group
James W. Klipstine, Jr.
Hobbs, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}    Defendant appeals the district court's denial of his motion to suppress evidence. Defendant was convicted of trafficking of a controlled substance after police officers found methamphetamine in his vehicle. The methamphetamine was discovered after officers noticed marijuana on the floor of Defendant's vehicle during a traffic stop and obtained a search warrant to further search the vehicle. On appeal, Defendant challenges whether the officers had reasonable suspicion to detain him and whether Officer Wright's motivation for ordering Defendant to return to his vehicle was pretextual. Because we conclude that Defendant's contentions are without merit, we affirm.

{2}    Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**DISCUSSION**

**Standard of Review**

{3}    "A review of the suppression of evidence is a mixed question of law and fact." *State v. Anaya*, 2008-NMCA-020, ¶ 5, 143 N.M. 431, 176 P.3d 1163. "We consider the facts in the light most favorable to the prevailing party and defer to the district court's findings of fact if those findings are supported by substantial evidence." *Id.* "Determinations of reasonable suspicion also require application of law to fact, which we review de novo." *Id.*

**The Seizure was a Valid Traffic Stop**

{4}    We first address Defendant's contention that no valid traffic stop occurred. The

2

basis of Defendant's argument is that the parking violation observed by the officer was not grounds for a valid traffic stop. Defendant therefore argues that because a valid traffic stop did not occur, Defendant's detention in the front yard was actually an investigatory detention akin to a *Terry* stop. *See State v. Wilson*, 2007-NMCA-111, ¶ 18, 142 N.M. 737, 169 P.3d 1184 ("An investigatory detention occurs when an officer briefly detains and investigates a person based on reasonable suspicion of criminal activity.")

{5}     We are unpersuaded by Defendant's argument. The officer testified, consistent with the video of the traffic stop entered into evidence, that he observed Defendant pull up to a residence and illegally park his vehicle on the wrong side of the street. *See* NMSA 1978, § 66-7-352 (A) (1978) ("[E]very vehicle stopped or parked upon a roadway where there are adjacent curbs shall be so stopped or parked with the right-hand wheels of such vehicle parallel to and within eighteen inches of the right-hand curb."). The officer then turned around, engaged his emergency equipment, and pulled in behind the vehicle. It is immaterial that the violation of the traffic code that the officer observed was a parking violation. Defendant's actions were contrary to Section 66-7-352 and, because the officer observed Defendant commit the traffic violation, he had the requisite reasonable suspicion to initiate a traffic stop. *See* NMSA 1978, § 66-7-3 (1978) (stating that, unless otherwise specified, it is unlawful to "do any act forbidden or fail to perform any act required in Article 7 of Chapter 66 NMSA 1978"); *State v. Hubble*, 2009-NMSC-014, ¶¶ 7-8, 146 N.M. 70, 206 P.3d 579 (stating that an officer must have reasonable suspicion to conduct a traffic stop and that reasonable

3

suspicion must be based on an objectively reasonable belief that the criminal activity occurred or was occurring).

**The Officer Permissibly Ordered Defendant Back to His Vehicle**

{6} After the officer made contact with Defendant in the front yard, he ordered Defendant to return to his vehicle. Defendant argues that the officer's motivations for doing so were pretextual. The basis of Defendant's argument is that the officer's motivation was to gain a better vantage point to look inside the vehicle in order to investigate other possible criminal activity.

{7} Defendant's position on appeal, that the officer performed an investigatory detention of Defendant, as opposed to a valid traffic stop, nullifies Defendant's reliance on our pretext case law. In *State v. Ochoa*, the issue before this Court was whether an officer can use an otherwise constitutionally valid *traffic stop* as subterfuge to investigate other unrelated potential criminal activity that the officer does not have reasonable suspicion to investigate. 2009-NMCA-002, ¶ 1, 146 N.M. 32, 206 P.3d 143. Defendant maintains that no such traffic stop occurred and that he was detained pursuant to an investigatory detention. Accordingly, Defendant's reliance on *Ochoa* is inapposite to his argument.

{8} Pretext aside, the substance of Defendant's argument, viewed in conjunction with our conclusion that Defendant was detained due to his violation of the traffic code, also fails. Once the officer stopped Defendant, he was permitted to request Defendant's license and registration. *See State v. Affsprung*, 2004-NMCA-038, ¶ 10, 135 N.M. 306, 87 P.3d 1088 ("Following a valid stop, for a traffic violation, an officer

4

may lawfully continue with a de minimis detention for inquiry into matters reasonably related to the circumstances that initially justified the stop and to check out license, registration, and insurance."). Defendant cites no authority as to why it would be constitutionally impermissible for the officer to request that Defendant return to his vehicle to complete this request for documents. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, the appellate courts may assume no such authority exists). We therefore conclude that the officer acted permissibly in having Defendant return to his vehicle.

{9} Furthermore, regardless of whether the officer requested that Defendant return to his vehicle or questioned him in the front yard, both officers were permitted to peer inside Defendant's vehicle through the windows. "Under the plain view exception[,] items may be seized without a warrant if the police officer was lawfully positioned when the evidence was observed, and the incriminating nature of the evidence was immediately apparent, such that the officer had probable cause to believe that the article seized was evidence of a crime." *State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286. "It is . . . entirely lawful for a police officer who is on a public street or sidewalk to look . . . into an automobile parked on the street and to observe what is exposed therein to open view." *State v. Powell*, 1983-NMCA-004, ¶ 13, 99 N.M. 381, 658 P.2d 456 (internal quotation marks and citation omitted). The officer testified that he observed the marijuana on the floorboard of Defendant's vehicle behind the driver's seat while shining his flashlight through Defendant's back

5

window. Because Defendant's car was parked on a public roadway, the officer was lawfully positioned to peer into the vehicle's windows. *Id.* ¶¶ 13-15. Accordingly, Defendant's attempt to subscribe unlawful motivations to the officers' actions must fail.

**CONCLUSION**

{10} Based on the foregoing analysis, we affirm the district court's denial of Defendant's motion to suppress.

{11} **IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**